## GARDINER *v.* TYLER.

September, 1867.

The settled rule of the courts to allow to trustees only the same commissions as the statute allows to executors and guardians for similar services, is not applicable to receivers appointed by the court in actions

---

* See, for the application of this rule, the cases of Hatch *v.* City of Buffalo, 38 *N. Y.* 276; and Allen *v.* The same, *Id.* 280.

Gardiner *v.* Tyler.

pending therein. *So held,* of a receiver appointed to receive and apply rents, pending a controversy arising on the probate of a will.

The court by whom a receiver is appointed has power to determine the rate of his compensation, and it may be fixed with reference to the circumstances of the case.

David L. Gardiner brought this action against Julia G. Tyler and Harry Beeckman. The facts are stated in the opinion of the court. The cause came up upon appeals involving the question of the receiver's right to commissions and disbursements.

*W. Watson,* for plaintiff, appellant;—Cited N. Y. & N. H. R. R. Co. *v.* Schuyler, 34 *N. Y.* 33 ; Estus *v.* Baldwin, 9 *How. Pr.* 80 ; Lovett *v.* German Ch., 12 *Barb.* 67 ; *Code,* § 330 ; 8 *Coke,* 142, *b ;* Drury's Case; King *v.* Harris, 34 *N. Y.* 336 ; How. *v.* Davis, 4 *Abb. Pr.* 71 ; *In re* Bank Niagara, 6 *Paige,* 213 ; *Edw. on Receivers,* 642 ; 7 *Paige,* 276 ; *In re* Roberts, 3 *Johns. Ch.* 43.

*J. Buchanan Henry,* attorney for defendant, respondent ;— Cited 3 *R. S.* p. 767 ; *Code,* § 244 ; 1 *R. S.* p. 46, § 29 ; Brower *v.* Brower, 2 *Edw.* 621.

J. M. PARKER, J.—This is an appeal from two orders of the supreme court, made under the following circumstances :

The action was brought for the appointment of a receiver of the rents of the estate of Juliana Gardiner, deceased, pending a contest before the surrogate of Richmond county, respecting the validity of her alleged will, the probate of which was being contested by the plaintiff; and James I. Roosevelt was appointed such receiver, and qualified as such.

The surrogate having decided against the validity of the will, and refused to admit it to probate, an appeal was taken to the supreme court, and the general term, in the second district, reversed the decree of the surrogate, and sent the case back, with the direction that the will be admitted to probate, which was accordingly done.

At this stage in the proceedings, a motion was made in this suit, by the defendants, to dismiss the complaint, for unreasonable neglect of the plaintiff to proceed in the action, where-

upon it was, on June 2, 1866, ordered as follows: "That the complaint in the above entitled action be, and the same is, hereby dismissed with costs; and that all orders heretofore granted as provisional remedies herein, are vacated and set aside." No further judgment appears to have been entered in the action.

After the above order was made, and on November 27, 1866, an order was obtained, whereby the receiver was directed to pass his accounts before a referee named, and to pay over and apply what the referee should certify to be due from him as receiver, to the satisfaction and payment of the unpaid taxes which were due and a lien upon the real estate of the said Juliana Gardiner, deceased, situate in the city of New York, prior to her decease; and that he transfer and deliver to the defendant, Julia G. Tyler, all deeds, leases and property, which may have come into his possession, as such receiver. This order, it appeared by affidavits on the part of the defendants, was entered by consent of the plaintiff given in open court, though not so stated in the order.

The referee therein named proceeded to take the account, and made a report, whereby he certified, as remaining in the hands of the receiver, the sum of three thousand four hundred and sixteen dollars and seventy-two cents, to be applied to the payment of taxes as directed by said order. In the statement of the account, as allowed, are several items of credit by the receiver to the estate, of rent from G. Bradley, of which the following is a specimen: "By cash, from G. Bradley, for rent, $1,030;" and among the items allowed to the receiver are the following: "To cash paid, sundry taxable costs, charges and disbursements, including attorney's fees, etc., in five foreclosure suits, $125; commissions on $13,175.93, at five *per cent.*, $658.79."

The plaintiff excepted to the allowance of the five *per cent.* commissions upon the whole amount of the moneys received and paid out. Also to the allowance of the one hundred and twenty-five dollars, costs and attorney's fees in five foreclosure suits, and claimed that disbursements only should have been allowed. Also, that the referee has reported the sums received for rents from G. Bradley, when he should·have reported the

sums received from tenants, instead of the sums received for rents, diminished by the charges of said Bradley.

These exceptions were heard before the court, at special term, on January 17, 1867, and were all overruled, except that the one as to the receiver's commissions is so far allowed that the one-third of said commissions, allowed over and above the sum of two hundred and fifty-one dollars and seventy-five cents (to wit, one hundred and thirty-five dollars), was deducted from the commissions charged, and added to the balance certified by the referee as in the hands of the receiver; and the report was, in all other respects, confirmed. From this order of the special term, an appeal was taken to the general term, and the order was, on April 18, 1867, affirmed. This order of affirmance is one of the orders from which the plaintiff has appealed to this court.

In the controversy respecting the will, the judgment of the supreme court, reversing the decision of the surrogate, was, on appeal to this court, on January 2, 1867, reversed; and, thereupon, the plaintiff in this action moved the supreme court, at special term, on March 15, 1867, for an order modifying the order of November 27, 1866, so as to direct the receiver to pay the balance in his hands to this plaintiff, instead of paying the same upon the taxes in said former order specified. This motion was denied; and, from the order denying it, the plaintiff appealed to the general term, where the order was affirmed. This order of affirmance is the other order brought here by the appeal.

The appeal from the first mentioned order brings up for review the exceptions to the referee's report, upon the accounting of the receiver. The exception stating "that the referee has reported the sums received for rents from G. Bradley, when he should have reported the sums received from tenants, instead of the sums received for rents diminished by the charges of said Bradley," is not founded upon any fact which appears from the papers before us. The statement in the account, "by cash from G. Bradley, for rent," is the only statement of fact upon the subject; and the legitimate inference from this is, that Bradley was the tenant, and not the middleman implied

in the exception. This exception was, therefore, properly over-ruled.

In regard to the allowance of the charge in the receiver's account, of one hundred and twenty-five dollars, for taxable costs, in five foreclosure suits, the exception, claiming it to be erroneous, on the ground that disbursements only should have been allowed, assumes that the receiver acted as attorney in those suits, and was claiming the costs and attorney's fees for himself as such attorney. There is nothing to show that such was the fact; but the inference is, from the terms of the charge, that he paid that amount to some other attorney for his services as such in the suits. It is not necessary, therefore, to examine the question whether the charge contains anything which the receiver could not properly charge if he performed the services himself as an attorney of the court. This exception was also properly overruled.

The five per cent. allowed by the referee, as commissions upon the amount received and paid out by the receiver, was not all allowed by the court; and yet the appellant complains that it was not reduced to the rate allowed to executors and administrators, which he insists is the legal rate in cases of this kind also. The statute does not fix the compensation to be allowed to receivers, appointed under section 244 of the Code, as this one must have been; except that it is provided in said section (subd. 4), that receivers of the property within this State of foreign corporations shall be allowed the same commissions as are allowed by law to the trustees of the estates of absconding, concealed and non-resident debtors, which is five per cent. upon the whole sum which shall have come into their hands. 2 *R. S.* 1 ed. § 31. Although, in regard to the compensation of trustees, in the absence of any statutory provision therefor, it has come to be the settled rule of the courts to allow only the same commissions as the statute allows to executors and guardians for similar services, I do not think the rule applicable to receivers appointed by the court, in cases pending therein. "A receiver is an officer of the court; and, as such, in the absence of legislation, the court has the authority to determine his compensation." Magee *v.* Cowperthwaite, 10 *Ala.* 966; *Edw. on Rec.* 642. Such is the established rule of the court of

chancery in England, where the amount of compensation, or salary, as it is called, allowed to a receiver, is often left to the master, to fix with reference to the trouble and labor of the case. Day v. Croft, 2 *Beav.* 488; Potts v. Leighton, 15 *Ves.* 273. I do not find that the right of the court to fix the receiver's compensation, where the statute has not done so, is denied by any case in this State; nor do I find that the rate of compensation fixed by the statute for executors and guardians has, by the courts, been applied to receivers. The course of legislation on the subject indicates, I think, that such rate does not apply; for the legislature has limited the compensation of receivers, in the case of moneyed institutions, to the rate allowed by law to executors and administrators. *L.* 1842, c. 3. If that rule applied before, this was unnecessary; and the application of it to that class of receivers alone implies that it is not to apply to any other class. If the supreme court, which appointed the receiver in this case, had authority to determine the rate of his compensation, as I think it had, there is no error in its exercise, and no error in the order now under consideration.

In regard to the other order, I can discover, from the papers before us, no good reason why it should be reversed. The order of November 27, 1866, which the plaintiff sought to modify, directed the receiver to pay over and apply the moneys in his hands upon unpaid taxes which were due and a lien upon the real estate of the said Juliana Gardiner, situate in the city of New York, prior to her decease; and this direction was made by consent of the plaintiff. Now the plaintiff asks the court to modify that order, and direct those moneys to be paid over to him; and such would be the effect of a reversal of the order appealed from. The parties to this action are the heirs at law of the said Juliana Gardiner, deceased; and no facts are shown why the plaintiff, one of them, is entitled to these rents and profits, nor why the application of them to the arrears of taxes, to which the order of November 27 devotes them, is not a perfectly equitable disposition of them, with reference to the rights of all parties. Moreover, it is shown, by the affidavits on the part of the defendants, that another action is pending in the supreme court, involving the question of the plaintiff's right

to them. Under such circumstances, the supreme court was right in refusing to modify the order, as moved for by the plaintiff.

The order appealed from should be affirmed, with ten dollars costs.

All the judges concurred.

Orders affirmed, with costs.