By the Court.—Curtis, J.
By a judgment in this action, dated May 27, 1870, William M. Tweed, Junior, was appointed the receiver of certain real estate, which the defendant was directed to convey to him to be converted into money, and the net proceeds paid to the plaintiff.
No property passed into the receiver’s possession under this judgment, and no copy of it was served on the defendant. The plaintiff subsequently sold the real estate under execution, and also caused a mortgage upon it to bé foreclosed. Under proceedings supplementary to the execution, William M. Tweed, Junior, was, August 8, 1870, appointed receiver, and under this last receivership collected rents, after deducting agent’s commissions of five per cent, for collecting and repairs, amounting to three hundred and eighty-eight dollars and seventy-four cents. «
The receiver asks to be discharged, and to be allowed charges amounting to three hundred and eighty-five dollars and fifty cents. The appeal is from an order discharging him and approving his account.
The charge by the receiver for a “ counsel fee and extra services, paid to H. M. Collyer, one hundred dollars,” appears to be for matters relating to the first receivership, and no reason is shown for paying it from the sum collected under the receivership in proceedings supplementary to execution.
*276 The charge by the receiver for 6 6 costs and counsel fee in foreclosure suit of Kruse v. Eazler, paid to W. Edelstein,” should not be allowed. He was probably made a party defendant in consequence of the first ref ceivership, nominally, and with no personal claim made against him, and with no defense, and no occasion to appear in the action. If he had. any claim, he should have applied for an allowance in the foreclosure suit in which he was a party.
The charge by receiver for “receiver’s fees, one hundred and thirty-two dollars,” is too large an amount to be allowed an officer of this court for receiving three hundred and eighty-eight dollars and .seventy-four cents of rents from an agent who has collected them. In the exercise of its jurisdiction in respect to receivers and receiverships, the rights of all parties in interest •are committed to the guardianship and protection of the court, whose duty it must ever be to jealously watsh all proceedings, even those involving, like the present one, comparatively small amounts, lest some one might suffer injustice.
A receiver is simply an officer of court, and as such, in the absence of legislation, the court has the authority to determine his compensation, and is not limited to that fixed by statute for executors and guardians, or that fixed by the Code at section 244, subd. 4 (Gardiner v. Tyler, 3 Keyes, 505).
A reasonable [compensation to the receiver in this instance, considering the simple and limited character of his duties and liabilities, and the nature of. the proceeding, and being governed somewhat by analogy to the provision made by statute in other cases, would be the sum of twenty-five dollars. The disbursements of the receiver for car and steamboat fares, three dollars and fifty cents, should be allowed.
The order appealed from should be reversed. The account of the receiver should be restated in which he *277 should be allowed the above item of three dollars and fifty cents for disbursements, and twenty-five dollars for his compensation, unless he can show, by additional proof, that the personal services actually rendered by him are of a greater value than now appears, in which case he may have an opportunity, at special term, to submit such additional proof. AH other items in his account are disallowed.